| | |
|---|---|
| **KLEIN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-2205** |
| **LEWIS TITLE INSURANCE COMPANY,** **INC., et al.** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court is Plaintiff Henry L. Klein, the Succession of Frederick P. Heisler, and Levy Gardens Partner 2007 LP's (collectively, "Plaintiffs") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

### A.    *Factual Background*

In their Petition for Damages, Plaintiffs, "[p]ursuant to Louisiana Code of Civil Procedure Article 1878," seek a declaratory judgment establishing that the three underlying contracts sold by Defendants Liskow & Lewis, PLC and Lewis Title Company (collectively "Defendants") "are not policies of insurance regulated by the Louisiana Insurance Code, Louisiana Revised Statutes, Title 22, but are retrospective Contracts of Warranty . . . and that all causes of action for breach are regulated by the 10-year prescriptive period set forth by Louisiana Civil Code Article 3499."[2] In

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1-3 at 26.

addition to their state law claim seeking declaratory judgment, Plaintiffs "reserve the right to seek supplemental relief for damages depending on the Court's granting Declaratory Judgment."[3]

In general, Plaintiffs allege that they purchased land to construct a 100-unit multi-family housing development in New Orleans East.[4] According to Plaintiffs, in connection with this project, Plaintiffs purchased three title insurance policies for $100,628.92 from Commonwealth Land Title Insurance Company and through Defendants.[5] Plaintiffs contend that these policies included zoning provisions that covered losses incurred if the property was not zoned to allow the planned construction of the multi-family housing unit.[6] Plaintiffs aver that after they invested over $9 million in the project, a "watchdog group" successfully sued Plaintiffs to enforce a 1985 zoning ordinance, thereby restricting Plaintiffs' ability to use the property as intended.[7] Plaintiffs allege that Defendants failed to identify this zoning restriction in advance of the closing, and that Defendants kept $80,503.14 of the $100,629.92 paid by Plaintiffs for the "ultimately worthless" insurance policies.[8]

In response, Defendants allege that Plaintiffs have filed "numerous lawsuits" against them in the Eastern District of Louisiana, the United States District Court for the District of Columbia,

---

[3] *Id.*

[4] *See* Rec. Doc. 1 at 6.

[5] *Id.*; Rec. Doc. 1-2 at 1, 7.

[6] *See* Rec. Doc. 1 at 6.

[7] *Id.*; Rec. Doc. 1-2 at 1.

[8] Rec. Doc. 1-2 at 1.

and in Louisiana state courts in connection with these allegations.[9] Defendants assert that this Court should dismiss Plaintiffs' lawsuit, enjoin Plaintiff from filing "any further harassing litigation," and award Defendants attorneys' fees.[10]

### B. *Procedural Background*

Plaintiffs filed their "Petition for Declaratory Judgment and Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on February 15, 2017.[11] On March 16, 2017, Defendants removed the case to this Court.[12] On April 10, 2017, Plaintiffs filed a motion for voluntary dismissal with prejudice as to any federal claims pursuant to Rule 41(a)(2), in which Plaintiffs assert that they seek to "eliminate any doubt that [P]laintiffs do not seek any relief under federal law in this case."[13]

On April 17, 2017, Plaintiffs filed the instant "Motion to Remand."[14] On May 2, 2017, Defendants filed an opposition.[15]

## II. Parties' Arguments

### A. *Defendants' Notice of Removal*

In their Notice of Removal, Defendants assert that this Court has original jurisdiction over

---

[9] Rec. Doc. 1 at 7 (citations omitted).

[10] *Id.* at 4.

[11] Rec. Doc. 1–2.

[12] Rec. Doc. 1.

[13] Rec. Doc. 11-1 at 2.

[14] Rec. Doc. 17.

[15] Rec. Doc. 18.

this matter under 28 U.S.C. §§ 1331, 1337.[16] Defendants argue that removal is proper because Plaintiffs' request for declaratory relief "necessarily turn[s] on some construction of federal law."[17] Defendants point out that this is the second time in three months that Plaintiffs have filed suit in Louisiana state court against Defendants.[18] According to Defendants, the first lawsuit was filed on January 3, 2017, in state court ("January 3 Petition") and was removed to this Court by Defendants on the basis that Plaintiffs' claims allegedly arose under federal law.[19] Defendants aver that Plaintiffs then voluntarily dismissed the January 3 Petition and stated that they would re-file a "limited action for declaratory relief that will not involve any federal issues at the outset."[20]

However, Defendants argue that Plaintiffs' instant Petition for Damages, filed on February 15, 2017 ("instant Petition"), in state court is not a "limited action . . . not involv[ing] any federal issues," but rather is a "near mirror image" of the claims in the January 3 Petition.[21] Defendants assert that Plaintiffs' instant Petition seeks a declaratory judgment that the title insurance policies purchased by Plaintiffs were not "insurance" but instead were "contracts of warranty."[22] Defendants contend that Plaintiffs raised this same issue in their January 3 Petition and explicitly

---

[16] Rec. Doc. 1 at 4.

[17] *Id.* at 12 (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986); *Jacuzzi v. Pimienta*, 762 F.3d 419, 421 (5th Cir. 2014)).

[18] *Id.* at 1.

[19] *Id.*

[20] *Id.* at 1–2.

[21] *Id.*

[22] *Id.* at 10.

argued that federal securities laws applied to the underlying contracts at issue.[23]

In particular, Defendants argue that in the January 3 Petition, Plaintiffs' claims required an interpretation and application of numerous federal laws and explicitly referenced Rule 10b-5 and the Securities Exchange Act of 1934, the Real Estate Settlement Procedures Act ("RESPA"), guidelines from the United States Department of Housing and Urban Development ("HUD") and the United States Government Accountability Office, the McCarran-Ferguson Act, Section 5 of the Federal Trade Commission Act, Section 5 of the Sherman Act, and Section 5 of the Clayton Act.[24] According to Defendants, in their instant Petition, Plaintiffs merely "omit many (but not all) of their prior references to federal statutes in an attempt to give the appearance that their claims do 'not involve any federal issues.'"[25] Nonetheless, Defendants aver that Plaintiffs made clear in the January 3 Petition that their demand for a declaratory judgment that the title insurance policies allegedly sold by Defendants do not actually qualify as insurance and are "warranties" requires an interpretation and application of federal securities laws.[26]

For example, in addressing the instant action, Defendants assert that a state court would first have to consider whether the McCarran-Ferguson Act, which exempts the business of insurance from most federal regulation, applies.[27] Defendants argue that Plaintiffs' January 3 Petition also asserted that the underlying contracts at issue in this litigation were not "insurance"

---

[23] *Id.*

[24] *Id.* at 9.

[25] *Id.* at 3.

[26] *Id.* at 3, 10.

[27] *Id.* at 13–14.

policies, but rather warranties subject to Rule 10b-5 of the Securities Exchange Act of 1934.[28] Defendants assert that "given Plaintiffs' prior position that their 'warranties' claim" is subject to federal law, it is clear that Plaintiffs' deletion of references to federal law is a "blatant attempt at forum manipulation."[29] Likewise, Defendants contend that Plaintiffs' allegation that Defendants illegally accepted "kickbacks" involves an application of RESPA and HUD standards.[30]

Furthermore, in Plaintiffs' Petition for Damages for this lawsuit, Defendants assert that Plaintiffs specifically "adopt all arguments made in *Klein v. ALTA*," which was a lawsuit filed by Plaintiffs in 2012 in the United States District Court for the District of Columbia where Plaintiffs allegedly invoked federal question jurisdiction in their claim that the contracts sold by Defendants were not "title insurance."[31] Defendants contend that in *Klein v. ALTA* Plaintiffs also sought a declaration of their rights under the McCarran-Ferguson Act, the Sherman Act, the Clayton Act, and the Federal Trade Commission Act.[32]

**B.      *Plaintiffs' Arguments in Support of the Motion to Remand***

In their motion to remand, Plaintiffs argue that remand is proper because state law issues predominate in this case and they have not asserted any federal causes of action.[33] Plaintiffs provide a background of the case that they assert is "instructive" as to why this case should be

---

[28] *Id.* at 12.

[29] *Id.* at 12–13.

[30] *Id.* at 15.

[31] *Id.*

[32] *Id.* at 8.

[33] Rec. Doc. 17-1 at 1.

remanded.[34]  Plaintiffs aver that this case arose out of a January 28, 2010 letter from Commonwealth Land Title Insurance Company ("Commonwealth") stating that Plaintiff Levy Gardens was not an insured party under any of the policies purchased by Plaintiffs.[35]  Plaintiffs contend that while they filed suit against both Commonwealth and the Defendants in this action, on July 27, 2010, they subsequently dismissed their claims against Defendants in that suit and proceeded against Commonwealth alone.[36]  Thereafter, Plaintiffs assert that they filed suit against Defendants again, and that those claims were dismissed with prejudice pursuant to Louisiana Revised Statute § 9:5606, which Plaintiffs contend is a "preemption statute protecting *insurance* agents and agencies."[37]  As such, Plaintiffs concede that this action could be barred by *res judicata*, but Plaintiffs argue that *res judicata* would not apply if a court declares that the title policies at issue are not contracts of "insurance," and thus Louisiana Revised Statute § 9:5606 would not apply.[38]  Therefore, Plaintiffs argue that this lawsuit only seeks a declaratory judgment that the polices at issue are not contracts of "insurance," and that Louisiana contract law, as opposed to the Louisiana Insurance Code, and the prescriptive periods applicable to contract claims apply to Plaintiffs' claims.[39]  Plaintiffs aver that if they are entitled to a declaratory judgment, then they

---

[34] *Id.*

[35] *Id.*

[36] *Id.* at 1–2.

[37] *Id.* at 2 (emphasis in original).

[38] *Id.* at 2, 10–11.

[39] *Id.*

may seek supplemental relief based on their claims.[40]

Further, Plaintiffs argue that remand is proper because they do not seek relief under federal law or to enforce any duties or liabilities created by federal law, rules, or regulations.[41]  Plaintiffs point out that they have filed a motion for voluntary dismissal of all federal claims pursuant to Rule 41(a)(2) in order to "clear the record of *any* doubt that we did *not* intend to invoke federal law . . . ."[42]  Additionally, Plaintiffs argue that merely referencing federal regulations in their pleadings filed in other cases does not provide a basis for federal jurisdiction.[43]  Plaintiffs point to *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, where the Supreme Court opined that there is no federal jurisdiction in cases where a plaintiff only brings a state law action for breach of contract and also alleges "for atmospheric reasons" that the defendants violated he Securities Exchange Act.[44]  According to Plaintiffs, the Supreme Court held that such an action is brought to enforce state contract law, and not the Securities Exchange Act, because "the plaintiff can get all the relief he seeks just by showing the breach of an agreement, without proving any violation of the federal securities law."[45]

Moreover, Plaintiffs contend that the applicable test for determining whether a contract is an insurance contract is set forth in *Group Life & Health Insurance Company v. Royal Drug*

---

[40]  *Id.*

[41]  *Id.* at 3.

[42]  *Id.* at 7 (emphasis in original).

[43]  *Id.* at 8.

[44]  *Id.* (citing 136 S. Ct. 1562, 1568 (2016)).

[45]  *Id.*

*Company*.[46] According to Plaintiffs, the underlying title insurance policies fail this test because they are allegedly retrospective, do not redistribute risk *a futuro*, involve a one-time purchase fee and no premiums, and lack any reliable statistics showing what a property-owner must pay.[47] Plaintiffs argue that their citation to *Klein v. ALTA* in the instant Petition for Damages also does not provide for a basis for federal jurisdiction, as they only mentioned it to "borrow[] verbiage" from that case.[48] In sum, Plaintiffs assert that they abandoned the right to enforce "the 1934 Act or other federal laws" and instead opted to get their desired relief pursuant to Louisiana law.[49]

Finally, Plaintiffs aver that the First NBC Bank has foreclosed on the underlying property in this case, and that the State of Louisiana now has a second mortgage to protect on the property.[50] Plaintiffs contend that this requires the Louisiana Attorney General to become involved in this case "in a way that requires obedience to *Colorado River* Abstention" principles.[51] According to Plaintiffs, the Supreme Court in *Colorado River* determined that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts . . . ."[52]

## C.    *Defendants' Arguments in Opposition to Remand*

In opposition, Defendants contend that this is the fourth lawsuit against them arising out of

---

[46] *Id.* at 10 (citing *Grp. Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205 (1979)).

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 3.

[51] *Id.*

[52] *Id.*

a 2008 real estate transaction, and that this lawsuit was filed in state court only after Plaintiffs dismissed their January 3 Petition in an attempt to avoid federal jurisdiction.[53] According to Defendants, although Plaintiffs represented that this action would "not involve any federal issues at the outset," Plaintiffs' instant Petition "largely mirrors" their January 3 Petition.[54] Defendants argue that Plaintiffs' removal of their explicit references to federal law did not alter the substance of their claims and demands which require interpretation of federal law.[55]

For example, Defendants aver that the McCarran-Ferguson Act provides that the "business of insurance" shall be "subject to the laws of the several states," and thus federal laws, regulations, and causes of action would not apply if the underlying contracts in this case were insurance policies.[56] As such, Defendants argue that "the clear result" of Plaintiffs' requested declaration that "title insurance" is not the "business of insurance" "would be a holding that title insurance is not protected from the application of federal law by the McCarran-Ferguson Act."[57] Therefore, Defendants assert that the "only reason" for Plaintiffs to seek a declaration that the underlying contracts are not "contracts of insurance" is to allow Plaintiffs "to pursue claims arising under federal laws and regulations," and that Plaintiffs' "obvious goal" is to avoid the application of McCarran-Ferguson and pursue claims arising under federal law.[58]

---

[53] Rec. Doc. 18 at 1.

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.* at 2, 8–9.

[57] *Id.*

[58] *Id.* at 8–9, 13.

Defendants further contend that Plaintiffs' incorporation of "all arguments made in *Klein v. ALTA*, as if written out herein, fully and in extenso," necessarily includes the arguments that: (1) the Court has federal question jurisdiction under 28 U.S.C. § 1331; (2) title insurance is not exempt from federal law by the McCarran-Ferguson Act; and (3) federal laws and regulations are "available to redress" alleged abuses committed by the title insurance industry.[59] According to Defendants, in both *Klein v. ALTA* and the January 3 Petition, Plaintiffs sought declarations that the title insurance policies at issue are not "contracts of insurance" specifically to clear the way for Plaintiffs to seek relief under federal securities laws, the Federal Trade Commission Act, the Clayton Act, the Sherman Act, RESPA, HUD guidelines, and GAO standards.[60] Likewise, Defendants point out that Plaintiffs' petition alleges that the United States Supreme Court's decision in *Group Life & Health Insurance Company*, which involved an interpretation and application of the McCarran-Ferguson Act, "is dispositive of the issue raised herein."[61]

Additionally, Defendants assert that Plaintiffs have alleged violations of RESPA.[62] According to Defendants, RESPA is a federal statute that prohibits "kickbacks" and "unearned fees" created during real estate settlement services involving federally-related mortgage loans and exempts payments made to an "affiliated business arrangement" if it was not properly disclosed.[63] Defendants aver that RESPA was explicitly referenced in the January 3 Petition and is implicitly

---

[59] *Id.* (emphasis omitted).

[60] *Id.* at 4–5.

[61] *Id.* at 13.

[62] *Id.* at 14–15.

[63] *Id.* at 14.

11

raised by Plaintiffs' allegations that Defendants are an "affiliated business arrangement" that failed to properly disclose their splitting of insurance premiums and thus engaged in illegal "kickbacks."[64]

Finally, Defendants argue that the test for abstention under *Colorado River* is not met here.[65] According to Defendants, after this action was removed from state court, Plaintiffs added Defendants as third-party defendants in the foreclosure action filed by First NBC Bank in state court.[66] Defendants aver that this was done in an attempt to argue that the Court should abstain from this case in light of the pending parallel state court action.[67] Defendants assert that a pending state court action generally does not bar parallel proceedings in federal court, and that none of the six factors listed in *Colorado River* weigh in favor of abstention.[68]

### III. Law and Analysis

#### A. *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[69] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Often called "federal-question jurisdiction," this type of jurisdiction "is invoked

---

[64] *Id.* at 15.

[65] *Id.*

[66] *Id.*

[67] *Id.* at 16.

[68] *Id.* at 16–17.

[69] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)."[70] A single claim over which federal-question jurisdiction exists is sufficient to allow removal.[71]

Pursuant to the "well-pleaded complaint" rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[72] Even where a federal remedy is also available, the "plaintiff is the master of his complaint and may generally allege only a state law cause of action."[73] Further, "[a] defense that raises a federal question is inadequate to confer jurisdiction."[74]

Generally, there are "two recognized exceptions to the well-pleaded complaint rule."[75] First, there is the "complete pre-emption corollary to the well-pleaded complaint rule," which is not raised as a grounds for removal by Defendants.[76] Second, there is a "special and small" category of cases in which a state law cause of action can give rise to federal question jurisdiction

---

[70] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted.").

[71] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997).

[72] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

[73] *Id.*

[74] *Merrell Dow*, 478 U.S. at 808.

[75] *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012).

[76] *Caterpillar*, 482 U.S. at 393.

because the claim involves important federal issues.[77] This exception "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[78] In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court instructed that the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law."[79] Rather, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[80] If all four requirements are met, "jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."[81] The Fifth Circuit has similarly held that a complaint alleging a state law cause of action can create federal question jurisdiction when: (1) a federal right is an essential element of the state claim; (2) interpretation of the federal right is necessary to resolve the case; and (3) the question of federal law is substantial.[82]

---

[77] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

[78] *Grable*, 545 U.S. at 312.

[79] *Id.* at 314.

[80] *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, 545 U.S. at 314).

[81] *Id.* (quoting *Grable*, 545 U.S. at 313–14).

[82] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

The removing party bears the burden of demonstrating that federal jurisdiction exists.[83]  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[84]  Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[85]

**B.    *Analysis***

In their motion, Plaintiffs argue that remand is proper because they do not seek relief under any federal law.[86]  In response, Defendants contend that removal is proper because Plaintiffs' request for declaratory relief and other allegations against Defendants necessarily require interpretations and applications of federal laws, rules, and regulations.[87]

As a preliminary matter, the Court notes that, in their memoranda, both parties appear to rely on arguments that are inapposite to the appropriate legal standard that the Court must apply when determining whether an action was properly removed from state court.  For example, Plaintiffs have filed a motion for voluntary dismissal with prejudice as to any federal claims Plaintiffs may have against Defendants to "clear the record of *any* doubt that [Plaintiffs] did *not*

---

[83] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[84] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[85] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[86] Rec. Doc. 17-1.

[87] Rec. Doc. 18.

intend to invoke federal law" in their Petition for Damages.[88]  However, the Fifth Circuit has made

clear that determining whether a court has jurisdiction over an action removed from state court

requires courts to "consider the claims in the state court petition as they existed *at the time of

removal*."[89]  Therefore, Plaintiffs' pending motion to voluntarily dismiss any federal claims, which

was filed after removal to this Court,[90] cannot divest this Court of jurisdiction if it finds that

removal was proper based on Plaintiffs' claims "as they existed at the time of removal."[91]  Indeed,

the Fifth Circuit has directly held that a plaintiff may not defeat jurisdiction over a properly

removed case by subsequently amending his or her complaint to omit all claims under federal

law.[92]  Moreover, Defendants do not appear to argue that Plaintiffs have directly asserted any

federal claims, but rather that Plaintiffs' claim for declaratory relief and other allegations

necessarily involve the application and interpretation of federal laws and regulations.[93]

Likewise, Defendants' heavy reliance on the claims in Plaintiffs' previously filed lawsuits,

including Plaintiffs' January 3 Petition for Damages filed in their previous case that was

voluntarily dismissed, cannot create federal jurisdiction if it otherwise does not exist in the

---

[88]  *See* Rec. Doc. 11; Rec. Doc. 17-1 at 7 (emphasis in original).

[89]  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)) (emphasis added).

[90]  Rec. Doc. 11.

[91]  *Manguno*, 276 F.3d at 723.

[92]  *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) ("We have stated on several occasions that a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction." (emphasis in original)) (citing *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir. 1990); *In re Carter,* 618 F.2d 1093, 1101 (5th Cir. 1980)).

[93]  *See* Rec. Docs. 1, 18.

allegations and claims in Plaintiffs' instant complaint.[94] It is well-established that the plaintiff is the "master of his complaint."[95] Indeed, as the Supreme Court has noted, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."[96] Here, Defendants criticize Plaintiffs' decision to voluntarily dismiss their January 3 action pursuant to Federal Rule of Civil Procedure 41 and re-file a new action in state court without references to federal laws as "blatant forum shopping."[97] However, the Fifth Circuit has determined that "Rule 41(a)(1) essentially permits forum shopping."[98] As the Fifth Circuit has opined, "[i]t is not uncommon for plaintiffs to use voluntary dismissal to 'secure their preferred forum,' such as when they seek to undo removal and return to state court."[99] As such, the ultimate effect of a Rule 41(a)(1) voluntary dismissal is "to put the plaintiff in a legal position as if he had never brought the first suit," leaving Plaintiffs "free to return to the dismissing court or other courts at a later date with the same claim."[100] Thus, the extent to which Plaintiffs' instant state court Petition and Plaintiffs' dismissed January 3 Petition or their previous lawsuits overlap is of little moment here, as the Court must examine whether

---

[94] *See Hook*, 38 F.3d at 780 ("In a jurisdictional inquiry, we look at the complaint as it existed at the time the petition for removal was filed . . . .").

[95] *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

[96] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 & n. 7 (1987); *see also* d *Oliver v. Lewis*, 891 F. Supp. 2d 839, 842–43 (S.D. Tex. 2012) (finding that "a plaintiff who has a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, defeating the defendant's opportunity to remove but taking the risk that any federal claims will be precluded").

[97] *See* Rec. Doc. 1 at 1–2.

[98] *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) (citing *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 324 n.15 (5th Cir. 2005)).

[99] *Id.*

[100] *Id.*

jurisdiction exists based on the claims raised in *this* Petition for Damages filed for this case in state court.[101] Accordingly, the Court will now proceed to consider whether remand of this matter to state court is proper.

### 1. Plaintiffs' Petition for Damages

In the instant Petition for Damages, Plaintiffs, "[p]ursuant to Louisiana Code of Civil Procedure Article 1878," seek a declaratory judgment that the three underlying contracts at issue in this litigation "are not policies of insurance regulated by the Louisiana Insurance Code, Louisiana Revised Statutes, Title 22, but are retrospective Contracts of Warranty . . . and that all causes of action for breach are regulated by the 10-year prescriptive period set forth by Louisiana Civil Code Article 3499."[102]

Although Plaintiffs ultimately seek only a declaratory judgment, in this action Plaintiffs also reserve the right "to seek *further* relief *after* declarations" establishing that the underlying contracts are not policies of insurance and thus the 10-year prescriptive period applies to Plaintiffs' potential state law claims.[103] For example, Plaintiffs include approximately 25 pages of general factual allegations against Defendants and third parties in their Petition for Damages, including that Defendants breached their contractual duties to Plaintiffs,[104] breached their duty of good

---

[101] *Manguno*, 276 F.3d at 723.

[102] Rec. Doc. 1-3 at 26.

[103] *Id.* at 3 (emphasis in original).

[104] *Id.* at 3, 6.

faith,[105] engaged in illegal "kickbacks,"[106] violated their fiduciary duties,[107] fraudulently concealed information from Plaintiffs,[108] and committed fraud in the inducement and fraud in the execution.[109] Plaintiffs aver that "this combination of shameless violations of contract law, fiduciary duty law, natural law and moral law" require declaratory relief which "will lead to the damages due" to Plaintiffs.[110] However, as Plaintiffs make clear in the instant Petition for Damages and their motion to remand, Plaintiffs currently seek only declaratory relief in this action.[111]

### 2. Federal Question Jurisdiction

Based on the foregoing, the Court finds that it lacks subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and therefore remand to state court is proper. First, it is clear from the face of Plaintiffs' Petition that Plaintiffs only assert one state law cause of action for declaratory relief,[112] and that Plaintiffs do not expressly assert a federal cause of action over which this Court may exercise federal question jurisdiction.[113] Second, Defendants have not shown that

---

[105] *Id.* at 4–5.

[106] *Id.* at 5.

[107] *Id.* at 4.

[108] *Id.*

[109] *Id.* at 11.

[110] *Id.* at 12.

[111] *Id.* at 26; *see* Rec. Doc. 17-1 at 2–3.

[112] *Id.* at 26.

[113] *See* Rec. Doc. 17-1 at 3 (Plaintiffs confirming that the removed Petition "seeks no relief under any federal law").

Plaintiffs' claims fit into the "special and small" category of cases recognized by the Supreme Court in which a state law cause of action involves important federal issues giving rise to federal question jurisdiction.[114] As stated *supra*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[115] Here, Defendants have not shown that any of the four elements are met by Plaintiffs' claims such that the Court can exercise subject matter jurisdiction in this matter. The Court will consider each of Defendants' arguments in turn.

### a. The McCarran-Ferguson Act

In their opposition memorandum, Defendants argue that federal question jurisdiction exists because "Plaintiffs' request for declaratory relief turns on a construction of [the] McCarran-Ferguson [Act]."[116] However, in the instant Petition for Damages, Plaintiffs' request for declaratory judgment does not request an interpretation or construction of the McCarran-Ferguson Act, but rather that the underlying contracts at issue "are not policies of insurance regulated by the Louisiana Insurance Code."[117] Moreover, the McCarran-Ferguson Act simply provides that regulating the "business of insurance" is left to the states,[118] and the Fifth Circuit has noted that

---

[114] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

[115] *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, 545 U.S. at 314).

[116] Rec. Doc. 18 at 11.

[117] Rec. Doc. 1-3 at 26.

[118] 15 U.S.C. § 1012 ("The business of insurance . . . shall be subject to the laws of the several States . . . No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . .").

the "test under McCarran–Ferguson is not whether a state has enacted statutes regulating the business of insurance, but whether such state statutes will be invalidated, impaired, or superseded by the application of federal law."[119] Here, Plaintiffs seek a limited declaration that the underlying contracts are not insurance policies under Louisiana law and that the 10-year prescriptive period for Louisiana state law claims applies.[120] Plaintiffs do not seek a declaration regarding whether the McCarran-Ferguson Act precludes Plaintiffs from asserting federal causes of action.

Defendants argue that Plaintiffs' "goal" in seeking a declaration that the contracts at issue are not insurance policies is to "avoid application of McCarran-Ferguson."[121] As stated *supra*, the McCarran-Ferguson Act precludes the application of federal law and regulations to the "business of insurance."[122] As such, Defendants contend that Plaintiffs seek their desired declaratory judgment that the contracts at issue are not insurance policies in order to allow Plaintiffs to "pursue claims arising under federal law, including RESPA and federal securities laws."[123] However, whether Plaintiffs may *later* attempt to bring federal causes of action if they successfully receive the declaratory relief sought in the instant Petition is of no moment, as jurisdiction must be determined by the Petition for Damages as it exists *at the time of removal*.[124] Regardless of what

---

[119] *Dehoyos v. Allstate Corp.*, 345 F.3d 290, 295 (5th Cir. 2003).

[120] Rec. Doc. 1-3 at 26.

[121] Rec. Doc. 18 at 13.

[122] *Id.*

[123] *Id.*

[124] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)) (emphasis added).

Plaintiffs' future "goal" might be,[125] Defendants have not shown that the instant Petition for Damages asserts a cause of action upon which this Court can exercise subject matter jurisdiction.

Indeed, in *Gunn v. Minton*, the Supreme Court noted that "it is not enough that the federal issue be significant to the particular parties in the immediate suit," as the "substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole."[126] The Supreme Court has also held that "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."[127] Here, Defendants have not shown that Plaintiffs' Petition raises any federal issues that are so substantial that they are "significant to the federal system as a whole," or that exercising federal jurisdiction is otherwise proper.[128]

### b. Allegations of illegal "kickbacks"

Defendants also assert that Plaintiffs' instant Petition for Damages retains some references to federal statutes, and that Plaintiffs make general allegations against Defendants, including that they engaged in illegal "kickbacks," which constitute a violation of the Real Estate Settlement Procedures Act and other federal laws.[129] However, as stated *supra*, Plaintiffs' Petition for Damages makes clear that they only seek declaratory judgment at this time.[130] Plaintiffs also argue

---

[125] Rec. Doc. 18 at 13.

[126] *Gunn*, 133 S. Ct. at 1068.

[127] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950).

[128] *Gunn*, 133 S. Ct. at 1068.

[129] Rec. Doc. 1 at 12 (stating that "Plaintiffs have deleted many (but not all) references to federal statutes"); Rec. Doc. 18 at 14 (arguing that Plaintiffs assert violations of RESPA).

[130] Rec. Doc. 1-3 at 26.

that they "seek[] no relief under any federal law" and that any references they made to federal law in the Petition for Damages were simply for "atmospheric reasons."[131] By contrast, Defendants have not shown that Plaintiffs are asserting a cause of action under RESPA, or that Plaintiffs have asserted any other claims beyond their request under Louisiana state law for declaratory judgment.

In other words, Defendants have not shown that Plaintiffs' general allegations that Defendants engaged in "kickbacks" "necessarily raise[]" a "disputed" and "substantial" federal issue.[132] As the Supreme Court maintains, the mere presence of a federal issue in a case is not "a password opening federal courts to any state action embracing a point of federal law."[133] Indeed, when considering the similar question of whether a claim "arises under" the Securities Exchange Act and confers federal jurisdiction, the Supreme Court has noted that a plaintiff who brings a "simple state-law action for breach of contract" and further "alleges, for atmospheric reasons, that the defendant's conduct also violated the Exchange Act," has not brought an action to enforce that federal law.[134] Rather, the Supreme Court opined that "the plaintiff can get all the relief he seeks just by showing the breach of an agreement, without proving any violation of federal securities law."[135] Similarly here, Plaintiffs can get the declaratory relief they seek without proving any violation of RESPA or other federal laws. Thus, Defendants have not shown that Plaintiffs' allegations and references to federal laws or regulations are sufficient to create a federal cause of

---

[131] Rec. Doc. 17-1 at 3, 8.

[132] *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, 545 U.S. at 314).

[133] *Grable*, 545 U.S. at 314.

[134] *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016).

[135] *Id.*

action or that Plaintiffs' Petition for Damages sufficiently implicates a "serious federal interest" such that exercising jurisdiction is proper.[136] Defendants, as the removing parties, bear the burden of demonstrating that federal jurisdiction exists,[137] and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[138] Here, Defendants have not shown that Plaintiffs' general factual allegations and state law cause of action for declaratory relief allows the Court to exercise federal jurisdiction.

### c. *Contracts of warranty*

Defendants also argue that Plaintiffs' assertion that the underlying contracts are contracts of warranty raises federal issues, as Defendants point out that Plaintiffs' January 3 Petition alleged that the same contracts sold by Defendants were "securities" requiring Defendants to "face the rigors of the federal securities laws."[139] As stated *supra*, however, Plaintiffs' allegations and arguments in their previous cases that were dismissed without prejudice cannot establish subject matter jurisdiction over this matter presently before the Court. In the instant Petition for Damages, Plaintiffs make clear that their request for declaratory judgment turns on state law, as they request a declaration that the contracts "are not policies of insurance *regulated by the Louisiana Insurance Code* . . . but are retrospective Contracts of Warranty . . . and that all causes of action for breach

---

[136] *Gunn*, 133 S. Ct. at 1065; *Grable*, 545 U.S. at 314.

[137] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[138] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[139] Rec. Doc. 1 at 10.

are regulated by the 10-year prescriptive period set forth by *Louisiana Civil Code Article 3499*."[140]

Moreover, in Plaintiffs' motion to remand, they assert that they are requesting this declaratory relief to determine whether the longer prescriptive period of 10 years for Louisiana contract law would apply, "whereas the Louisiana Insurance Code would impose shorter periods" if a court declares that the underlying contracts are contracts of insurance.[141] Thus, Defendants have not pointed to a sufficient basis to support a finding that Plaintiffs' requested declaratory relief "necessarily raise[]" any "actually disputed" and "substantial" federal issues that may be resolved by this Court without disrupting the balance between states and federal courts.[142]

### d. Cases cited in Plaintiffs' Petition for Damages

Finally, Defendants point out that Plaintiffs specifically "adopt all arguments made in *Klein v. ALTA*," which was a lawsuit filed by Plaintiffs in 2012 in the United States District Court for the District of Columbia in which Plaintiffs sought a declaration of their rights under the McCarran-Ferguson Act, the Sherman Act, the Clayton Act, and the Federal Trade Commission Act.[143] However, as is clear from the Petition for Damages, Plaintiffs did not adopt the causes of action asserted in *Klein v. ALTA*.[144] Rather, Plaintiffs only adopted the *arguments* made in the case, and Defendants have not shown that adopting those "arguments" made in a separate case seeking different relief under other causes of action are sufficient to create federal jurisdiction

---

[140] Rec. Doc. 1-3 at 26 (emphasis added).

[141] Rec. Doc. 17-1 at 2.

[142] *Gunn*, 133 S. Ct. at 1065 (citing *Grable*, 545 U.S. at 314).

[143] Rec. Doc. 1 at 7–8.

[144] Rec. Doc. 1-3 at 12.

here.[145]

Additionally, Defendants contend that Plaintiffs asserted in their Petition for Damages that the Supreme Court case *Group Life Insurance Company*, which Defendants represent involved interpreting and applying the McCarran-Ferguson Act, was "dispositive of the issue raised herein."[146] However, it appears from Plaintiffs' Petition for Damages that Plaintiffs cite to *Group Life Insurance Company* to simply include the Supreme Court's discussion of what constitutes "insurance," such as the Supreme Court's holding that "risk underwriting" is an "indispensable characteristic of insurance" and requires "some element of spreading risks more widely," which Plaintiffs appear to allege supports their argument that the underlying contracts at issue are not "contracts of insurance."[147] Defendants have not shown that Plaintiffs' limited citation to a Supreme Court case that involved federal law in support of Plaintiffs' action seeking declaratory relief under Louisiana law is sufficient to establish federal question jurisdiction here. Moreover, the Court notes that Plaintiffs do not solely rely on the Supreme Court's holding in *Group Life Insurance Company* to support their requested declaratory relief. Rather, Plaintiffs' Petition for Damages also points to other sources to support their argument that the underlying contracts at issue are not "contracts of insurance," including a report by the Iowa State Bar Association,[148] approximately twenty articles on title insurance,[149] statements and reports by the National

---

[145] *Id.*

[146] Rec. Doc. 18 at 13.

[147] Rec. Doc. 1-3 at 14.

[148] *Id.* at 9 (citing Iowa State Bar Association, *Title Insurance: A Fleecing of America and Why It is Important to Keep It Out of Iowa* (Des Moines, Iowa State Bar Association, 2005)).

[149] *Id.* at 9–10 (citations omitted) (listing approximately twenty articles in "[s]upport for this Court's granting

Association of Insurance Commissioners pointing out differences between title insurance and other types of insurance policies,[150] arguments made in Plaintiffs' past cases filed against Defendants,[151] and the dictionary definition of a "policy of insurance."[152]

Furthermore, in Plaintiffs' request for a declaratory judgment, Plaintiffs make clear they seek a judgment declaring that the underlying contracts at issue are not "policies of insurance regulated by *the Louisiana Insurance Code*."[153] Here, Defendants have not shown how Plaintiffs' request cannot be determined by looking to the Louisiana Insurance Code's general definitions of types of "insurance,"[154] the provisions of the Louisiana Insurance Code passed by the Louisiana Title Insurance Act, which regulates the title insurance industry in Louisiana,[155] or to Louisiana state law generally. In sum, Defendants have not shown that Plaintiffs' general citations to the Supreme Court's analysis regarding what constitutes "insurance" in *Group Life Insurance Company* "necessarily raise[s]" a "disputed" and "substantial" federal issue, "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state

---

declaratory relief").

[150] *Id.* at 14, 16–19 (citation omitted).

[151] *Id.* at 12, 24 (citations omitted).

[152] *Id.* at 24 (quoting 1 G. Richards, The Law of Insurance § 2 (W. Freedman 5th ed. 1952)).

[153] Rec. Doc. 1-3 at 26 (emphasis added).

[154] La. Rev. Stat. § 22:47(9) (definition "title" insurance as "[i]nsurance of owners of property or others having an interest therein, against loss by encumbrance, or defective titles, or adverse claim to title, and services connected therewith").

[155] La. Rev. Stat. § 22:511 (providing that the purpose of the "Louisiana Title Insurance Act" is to "provide the state of Louisiana with a comprehensive body of law for the effective regulation and supervision of title insurance . . ."); *see Commonwealth Land Title Ins. Co. v. Jones*, 2006-1277 (La. App. 3 Cir. 2/7/07); 948 So. 2d 1243, 1246 (noting that the Louisiana Title Insurance Act "regulates the title insurance industry in Louisiana").

judicial responsibilities."[156] As stated *supra*, the mere presence of a federal issue in a case is not "a password opening federal courts to any state action embracing a point of federal law,"[157]and "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."[158]

### e. Conclusion

Therefore, based on the foregoing, the Court finds that Defendants, as the removing parties, have not shown that Plaintiffs have asserted a claim upon which Defendants can establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the Court finds that it lacks subject matter jurisdiction over the case and remands this matter back to state court.

## IV. Conclusion

Based on the foregoing, the Court finds that Defendants have not shown that Plaintiffs have alleged a federal cause of action or that Plaintiffs' state law cause of action seeking declaratory relief raises important federal issues such that exercising federal question jurisdiction pursuant to 28 U.S.C. § 1331 is proper. Therefore, the Court finds that it lacks subject matter jurisdiction in this case, and that remand to state court is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[159] is **GRANTED**.

---

[156] *Gunn*, 133 S. Ct. at 1065; *Grable*, 545 U.S. at 314.

[157] *Grable*, 545 U.S. at 314.

[158] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950).

[159] Rec. Doc. 17.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of July, 2017.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**