| | |
|---|---|
| **KLEIN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-2205** |
| **LEWIS TITLE INSURANCE COMPANY, INC., et al.** | **SECTION: "G"(2)** |

## ORDER

This matter arises out of litigation involving Plaintiffs Henry L. Klein, the Succession of Frederick P. Heisler, and Levy Gardens Partner 2007 LP's (collectively, "Plaintiffs") allegations that Defendants Lewis Title Insurance Company, Inc. and Liskow & Lewis, PLC (collectively, "Defendants") entered into three contracts for title insurance that do not constitute policies of insurance as regulated by the Louisiana Insurance Code.[1] Pending before the Court is Plaintiffs' "Preliminary Motion for Award of Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) and Other Appropriate Relief."[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion.

## I. Background

### A. Factual Background

In the petition for damages filed in state court, Plaintiffs, "[p]ursuant to Louisiana Code of Civil Procedure Article 1878," sought a declaratory judgment establishing that three underlying contracts sold by Defendants Liskow & Lewis, PLC and Lewis Title Company (collectively

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 42.

"Defendants") "are not policies of insurance regulated by the Louisiana Insurance Code, Louisiana Revised Statutes, Title 22, but are retrospective Contracts of Warranty . . . and that all causes of action for breach are regulated by the 10-year prescriptive period set forth by Louisiana Civil Code Article 3499."[3] In addition to asserting the state law claim seeking declaratory judgment, Plaintiffs "reserve[d] the right to seek supplemental relief for damages depending on the Court's granting Declaratory Judgment."[4]

In general, Plaintiffs alleged that they had purchased land to construct a 100-unit multi-family housing development in New Orleans East.[5] According to Plaintiffs, in connection with this project, Plaintiffs purchased three title insurance policies for $100,628.92 from Commonwealth Land Title Insurance Company and through Defendants.[6] Plaintiffs contended that these policies included zoning provisions that covered losses incurred if the property was not zoned to allow the planned construction of the multi-family housing unit.[7] Plaintiffs averred that after they invested over $9 million in the project, a "watchdog group" successfully sued Plaintiffs to enforce a 1985 zoning ordinance, thereby restricting Plaintiffs' ability to use the property as intended.[8] Plaintiffs alleged that Defendants failed to identify this zoning restriction in advance of the closing, and that Defendants kept $80,503.14 of the $100,629.92 paid by Plaintiffs for the

---

[3] Rec. Doc. 1-3 at 26.

[4] *Id.*

[5] *See* Rec. Doc. 1 at 6.

[6] *Id.*; Rec. Doc. 1-2 at 1, 7.

[7] *See* Rec. Doc. 1 at 6.

[8] *Id.*; Rec. Doc. 1-2 at 1.

"ultimately worthless" insurance policies.[9]

In response, Defendants have alleged that Plaintiffs have filed "numerous lawsuits" against them in the Eastern District of Louisiana, the United States District Court for the District of Columbia, and in Louisiana state courts in connection with these allegations.[10] Defendants asserted that this Court should dismiss Plaintiffs' lawsuit, enjoin Plaintiff from filing "any further harassing litigation," and award Defendants attorneys' fees.[11]

**B.**     ***Procedural Background***

Plaintiffs filed a "Petition for Declaratory Judgment and Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on February 15, 2017.[12] On March 16, 2017, Defendants removed the case to this Court.[13] On April 10, 2017, Plaintiffs filed a motion for voluntary dismissal with prejudice as to any federal claims pursuant to Rule 41(a)(2), the purpose of which, stated in the motion, was to "eliminate any doubt that [P]laintiffs do not seek any relief under federal law in this case."[14] On April 17, 2017, Plaintiffs filed a "Motion to Remand."[15] On May 2, 2017, Defendants filed an opposition.[16] On May 12, 2017, Plaintiffs requested oral

---

[9] Rec. Doc. 1-2 at 1.

[10] Rec. Doc. 1 at 7 (citations omitted).

[11] *Id.* at 4.

[12] Rec. Doc. 1-2.

[13] Rec. Doc. 1.

[14] Rec. Doc. 11-1 at 2.

[15] Rec. Doc. 17.

[16] Rec. Doc. 18.

argument on the motion to remand,[17] which the Court denied on May 16, 2017.[18] On July 7, 2017,

the Court granted Plaintiffs' motion to remand. On July 20, 2017, Plaintiffs filed the instant

"Preliminary Motion for Award of Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) and Other

Appropriate Relief."[19] On August 8, 2017, Defendants filed an opposition,[20] and on September 1,

2017, with leave of Court, Plaintiffs filed a reply.[21]

## II. Parties' Arguments

### A.       *Plaintiffs' Motion for Attorneys' Fees*

In the motion for attorneys' fees, Plaintiffs argue that Defendants' removal of the state

court action to this Court was in bad faith and warrants sanctions, in addition to attorneys' fees

and costs, for wasting the Court's time and resources.[22] Plaintiffs also argue that the stakes of this

case are high because it is a "landmark case for all innocents" subject to similar contracts, which

are "the epitome of adhesion."[23] Plaintiff further argues that "enhanced sanctions" are warranted

because "no one will know the level to which the Court was improperly diverted from cases validly

on the docket in Section G."[24] Plaintiffs note that in certain cases, the Supreme Court has likened

---

[17] Rec. Doc. 25.

[18] Rec. Doc. 27

[19] Rec. Doc. 42.

[20] Rec. Doc. 43.

[21] Rec. Doc. 50.

[22] Rec. Doc. 42 at 1–3.

[23] *Id*. at 4–7.

[24] *Id*. at 8.

an abuse of process to a fraud upon the court.[25] Plaintiffs further argue that "not one word"

supports Defendants' claim that Plaintiffs were asserting federal claims.[26] Accordingly, Plaintiffs

argue that this Court should enforce the fee-shifting provisions of 28 U.S.C. § 1447(c) and

appropriate sanctions pursuant to "*NASCO* and its progeny."[27] Plaintiffs state that they will submit

the necessary information pursuant to the twelve factors set forth in the Fifth Circuit's lodestar

formula for determining reasonable attorneys' fees at a future date, "based on what happens with

*First NBC Bank v. Levy Gardens*, currently pending in Action 17-6652."[28]

In the memorandum in support of the motion, Plaintiffs assert that Defendants are ill-

deserving of immunity and characterize Defendant's removal as "outrageous."[29] Plaintiffs also

describe the structure of the title insurance market and the "level of gluttony involved" by

extensively quoting *Klein v. ALTA*.[30] Plaintiffs assert that the test for awarding attorneys' fees in

a wrongful removal setting is set forth in *Martin v. Franklin Capital*, a Supreme Court case holding

that attorney's fees should not be awarded when a removing party has an objectively reasonable

basis for removal.[31] Plaintiffs accordingly contend that Defendants did not have an objectively

reasonable basis for the removal and attorney fees and costs should therefore be awarded to

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 9 (referring to *Chambers v. NASCO*, 501 U.S. 32, 41 (1991)).

[28] *Id.*

[29] Rec. Doc. 42-1 at 2.

[30] *Id.* at 3–6 (referring to *Klein v. Am. Land Title Assoc. et al.*, No 12-1061 (D.D.C. July 10, 2012)).

[31] Id. at 6 (citing *Martin v. Franklin Capital*, 546 U.S. 132, 136 (2005)).

Plaintiffs. Finally, Plaintiffs assert, "it is impossible to believe that [Defendants] were truly deceived into thinking that [Plaintiffs] were seeking to enforce any federal laws."[32]

## B.    *Defendants' Opposition*

In opposition to Plaintiffs' motion, Defendants argue that the Court viewed Plaintiff's lawsuit filed in January 2017 ("the January 2017 lawsuit"), immediately preceding this lawsuit, as apparently seeking "declaratory judgment interpreting and applying certain federal securities laws, regulations, and rules that Plaintiff alleges were violated by Defendants when they sold Plaintiff multiple insurance policies."[33] According to Defendants, this statement apparently prompted Plaintiffs to voluntarily dismiss the January 2017 lawsuit and re-file their claims in state court.[34] Defendants contend that although Plaintiffs deleted from the petition certain explicit references to federal laws and regulations, nevertheless, Plaintiffs' claims appeared to Defendants to arise under and call for interpretation of federal law.[35] Defendants point out that although Plaintiff Levy Gardens Partners 2007 LP subsequently filed related claims against Defendants in another lawsuit pending in state court, Defendants did not remove that lawsuit because, in contrast, it seemed to arise under state law, which is unlike the case here.[36]

Contrary to Plaintiffs' assertion, Defendants argue that removal was not in bad faith.[37]

---

[32] *Id*. at 8.

[33] Rec. Doc. 43 at 1.

[34] *Id*. at 1–2.

[35] *Id*. at 2.

[36] *Id*.

[37] *Id*. at 2.

Specifically, Defendants argue that (1) Plaintiffs have not demonstrated and cannot demonstrate that Defendants lacked an objectively reasonable basis for the removal; (2) there is no evidence that the Defendants acted in bad faith; and (3) Plaintiffs have provided no evidence of any attorneys' fees or costs expended as a result of the removal, and courts consistently hold that plaintiffs acting *pro se* cannot recover attorney's fees under § 1447 (c).[38]

Defendants identify several statements in Plaintiff' removed petition that appear to implicate federal law, including references to the McCarran-Ferguson Act,[39] an assertion that "federal laws and regulations govern the title insurance industry," and an assertion that title insurance is not regulated by state law.[40]

Defendants argue that there is no automatic entitlement to an award of attorneys' fees and costs under 28 U.S.C. § 1447 (c). Rather, Defendants argue, an award of costs and expenses under § 1447 (c) is discretionary.[41] Citing the Supreme Court case, *Martin v. Franklin Capital Corp.*, Defendants argue that the application of § 1447 (c) requires "consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case."[42] Defendants assert that "in determining whether a fee award is appropriate, the Court may take into account, among other things, the complexity and uncertainty of the removal

---

[38] *Id.*

[39] 15 U.S.C. §§ 1011-1015.

[40] *Id.* at 4–5.

[41] *Id.* at 6.

[42] *Id.* (citing *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005)).

issue."[43] Furthermore, Defendants assert, courts have found removal to be objectively reasonable where the plaintiff's complaint references or appears to implicate federal laws.[44] Defendants assert that the arguments made in the removed petition required interpretation of federal law, and that the jurisdictional issues raised by the removed petition were complex and uncertain; therefore, an objectively reasonable basis for removal existed.[45]

Defendants further argue that there is no evidence of "bad faith" on the part of Defendants that would warrant "severe sanctions."[46] Defendants aver that it is not clear from Plaintiffs' motion what "tactics" allegedly were used in "bad faith," and that Defendants criticism of the title insurance industry and assertion that this is a landmark case are irrelevant to whether removal was "objectively reasonable."[47] Defendants further point out that Plaintiffs do not cite any authority supporting the proposition that a failed removal warrants "severe sanctions."[48] Defendants specifically distinguish this case from *NASCO*, the Supreme Court case cited by Defendants, in that the award of sanctions stemming from years of abuse of process by a litigant in *NASCO* is not comparable to the removal of a state court lawsuit giving rise to Plaintiffs' request for sanctions

---

[43] *Id*. (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Commercializadora Portimex, S.A. de C.V. v. Thionville Labs, Inc.*, No. 03-3635, 2004 U.S. Dist. LEXIS 10947, at *28 (E.D. La. June 10, 2004)).

[44] *Id*. at 7 (citing *P.R. v. Cent. Tex. Autism Ctr., Inc.*, 2009 U.S. Dist. LEXIS 43303 (W.D. Tex. May 15, 2009); *Brumfield v. City of Baker*, 2011 U.S. Dist. LEXIS 126998 at *21 (M.D. La. Sep. 29, 2011); *W. Va. ex rel. Morrisey v. McKesson Corp.*, 2017 U.S. Dist. LEXIS 9352 (S.D. W. Va. Jan. 24, 2017)).

[45] *Id*. at 8.

[46] *Id*. at 8–9.

[47] *Id*.

[48] *Id*. at 9.

here.[49]

Last, Defendants assert that Plaintiffs have litigated this case *pro se*, and as such, are not

entitled to attorneys' fees under Section 1447(c). [50] According to Defendants, courts have

consistently refused to award attorneys' fees to *pro se* litigants, including *pro se* litigant lawyers.[51]

Therefore, Defendants argue, Plaintiffs' motion for attorneys' fees should be denied.

## C.    *Plaintiffs' Reply*

In reply, Plaintiffs argue that Defendants never thought that Plaintiffs were asserting

federal claims, contrary to their assertions.[52] Plaintiffs assert that Defendants simply "invented"

the claims referencing federal law in Plaintiffs' pleadings.[53] Plaintiffs further assert that this Court

was required to conduct exhaustive analysis of the removed case at the expense of other cases on

Section G's docket.[54] Plaintiffs also state that Defendants' "cold blooded misconduct" should

"remain at the forefront of our minds" before considering sanctions. [55] Plaintiffs argue that

"[u]nless this Court enters an order of strong disapproval of the litigation tactics practiced here, it

---

[49] *Id.*

[50] *Id.* at 10.

[51] *Id.* (citing *Sanders v. Weells Fargo Home Mortg. Bank*, 2013 U.S. Dist. LEXIS 199442 (M.D. Fla. Jul. 8, 2013); *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991); *Apton v. Volkswagen Grp of Am., Inc.*, 2017 U.S. Dist LEXIS 5798 at *31-32 (D.D.C. Jan. 17, 2017); *Templeman v. Colsia*, 2002 U.S. Dist. LEXIS 19037 at *9 (D.N.H. 2002)).

[52] Rec. Doc. 50 at 1.

[53] *Id.* at 3.

[54] *Id.* at 2.

[55] *Id.* at 4.

will have been "worth the risk" to defendants to "press their luck" at removal.[56] Finally, Plaintiffs

again argue that the "high stakes" of the title industry warrants severe sanctions in this case.[57]

Plaintiffs argue that attorneys' fees in the amount of $33,600 are reasonable.[58] In support

of this argument, Plaintiffs submit the *curriculum vitae* of Henry L. Klein as Exhibit C.[59] Plaintiffs

aver that this Court has the final say as to reasonableness, and note that the opposing party's legal

fees are discoverable and available as a guideline.[60]

### III. Law and Analysis

***A.    Legal Standard***

Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Supreme Court has set forth the standard for imposing attorney's fees resulting from removal

in *Martin v. Franklin Corp*:

> [T]he standard for awarding fees should turn on the reasonableness of the removal.
> Absent unusual circumstances, courts may award attorney's fees under § 1447(c)
> only where the removing party lacked an objectively reasonable basis for seeking
> removal. Conversely, when an objectively reasonable basis exists, fees should be
> denied. In applying this rule, district courts retain discretion to consider whether
> unusual circumstances warrant a departure from the rule in a given case.[61]

---

[56] *Id*. at 5.

[57] *Id*. at 6–7.

[58] *Id*. at 8.

[59] *Id*.

[60] *Id*.

[61] 546 U.S. 132 (2005) (internal citations and quotation marks omitted).

In line with the Supreme Court's decision in *Martin*, the Fifth Circuit has stated that "Courts considering fee awards under § 1447(c) invariably take into consideration the defendant's decision to remove."[62] Furthermore, district courts in the Fifth Circuit have found removal to be objectively reasonable where the plaintiff's complaint references or appears to implicate federal laws.[63]

**B.     Analysis**

In the motion for attorneys' fees, Plaintiffs argue that Defendants removal of the state court action to this Court was in bad faith and warrants sanctions, in addition to attorneys' fees and costs. Defendants assert that they had an objectively reasonable basis for removal because Plaintiffs' petition required interpretation of federal law, and the jurisdictional issues raised by the petition were complex and uncertain. According to the Supreme Court, when an objectively reasonable basis exists for removal, fees should be denied.[64]

Removal is objectively reasonable where the plaintiff's complaint references or appears to implicate federal laws. [65] According to Defendants, Plaintiffs' petition contained several statements that appeared to implicate federal law, including references to the McCarran Ferguson Act, an assertion that "federal laws and regulations govern the title insurance industry," and an assertion that title insurance is not regulated by state law.[66] Accordingly, Defendants' removal

---

[62] *Miranti*, 3 F.3d at 929 (5th Cir. 1993).

[63] *Cent. Tex. Autism Ctr.*, 2009 U.S. Dist. LEXIS 43303; *Brumfield*, 2011 U.S. Dist. LEXIS 126998, at *21.

[64] *Martin*, 546 U.S. 132 (2005).

[65] *Cent. Tex. Autism Ctr.*, 2009 U.S. Dist. LEXIS 43303; *Brumfield*, 2011 U.S. Dist. LEXIS 126998, at *21.

[66] *Id*. at 4–5.

was objectively reasonable, given the statements contained in Plaintiffs' petition that appeared to implicate federal law. Having considered Defendants' decision to remove and finding it objectively reasonable, the Court will not award Plaintiffs' attorneys' fees.

As the Court finds that Defendants' removal was objectively reasonable, the Court need not consider Plaintiffs' request that the Court impose sanctions against Defendants for removal.

## IV. Conclusion

Based on the foregoing, the Court finds that Defendants' removal was objectively reasonable. Therefore, the Court denies Plaintiffs' request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) and declines to impose sanctions against Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Preliminary Motion for Award of Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) and Other Appropriate Relief"[67] is **DENIED**.


**NEW ORLEANS, LOUISIANA**, this __18th__ day of September, 2017.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[67] Rec. Doc. 42.